**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 06-1683**

————————————

DONNA BELL-HAYES; JEFFREY HAYES, SR.,

                                   Plaintiffs - Appellees,

        versus

ROBERT SKIPP DEWITT, Deputy, individually and
in his official capacity,

                                   Defendant - Appellant,

        and

HOWARD EWING, individually and in his official
capacity; CECIL COUNTY BOARD OF COUNTY
COMMISSIONERS; STATE OF MARYLAND,

                                   Defendants.

————————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge.
(1:05-cv-02384-MJG)

————————————

Argued:  January 30, 2008        Decided:  February 13, 2008

————————————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

————————————

Reversed by unpublished per curiam opinion.

————————————

**ARGUED:** John Francis Breads, Jr., LOCAL GOVERNMENT INSURANCE TRUST,
Columbia, Maryland, for Appellant.  Sherwood Randolph Wescott,

WESCOTT ROWE, L.L.C., Salisbury, Maryland, for Appellees. **ON BRIEF:** Michael S. Lewis, Michael F. Barnett, WESCOTT ROWE, L.L.C., Salisbury, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Responding to a 911 call reporting a residential fire, police and other emergency personnel went to the residence of Donna Bell-Hayes and her husband, Jeffrey S. Hayes. Deputy Robert DeWitt temporarily detained Mrs. Hayes while the fire department investigated the cause of the fire. The Hayeses bring the instant suit under 42 U.S.C. § 1983 (2000), alleging that Deputy DeWitt's detention of Mrs. Hayes violated her Fourth Amendment right to be free from unlawful seizures. Deputy DeWitt moved for summary judgment, asserting that he did not violate Mrs. Hayes' Fourth Amendment rights by detaining her or, alternatively, that principles of qualified immunity required judgment in his favor. The district court denied the motion, finding that disputed issues of material fact precluded a grant of summary judgment. Because the facts, viewed in the light most favorable to the Hayeses, establish that Deputy DeWitt's detention of Mrs. Hayes did not violate the Fourth Amendment, we reverse.

I.

On November 4, 2003, Mrs. Hayes accidentally started a fire in her residence by leaving a candle burning in her bathroom. Mr. Hayes called 911 to report the fire; meanwhile Mrs. Hayes succeeded in extinguishing the fire herself before the fire department responded to the call.

Emergency personnel began to arrive at the Hayes residence at around 9:15 in the morning, approximately fifteen minutes after Mr. Hayes placed the 911 call. Mrs. Hayes explained that at that time she was "upset," "scared," and "crying" due to the stress of the fire; additionally, she was wearing only a tee-shirt. The first member of the emergency response team to reach the Hayes residence questioned Mrs. Hayes about the fire, but would not respond to her repeated inquiries as to whether he was a member of the fire department. Frightened at his lack of response, Mrs. Hayes locked herself in the bathroom. Eventually a paramedic did persuade Mrs. Hayes to leave the bathroom and a second paramedic began treating her outside her home for smoke inhalation.

When Deputy DeWitt arrived at the Hayes residence, he and Deputy Fire Marshall Howard Ewing approached Mr. Hayes. Ewing asked Mr. Hayes if his wife had started the fire; Mr. Hayes replied that he did not know. DeWitt then approached Mrs. Hayes, who was being treated by a paramedic. Despite her statements that the fire had started accidentally, DeWitt assertedly grabbed Mrs. Hayes' arm, said that he was detaining her, and handcuffed her even though she objected that the handcuffs caused her pain because of her carpel tunnel syndrome. DeWitt brought Mrs. Hayes to the front of the house, where Ewing questioned her about the cause of the fire. The record contains no evidence of further contact between DeWitt and Mrs. Hayes. DeWitt left the scene of the fire at approximately

4

10:00; at that time Mrs. Hayes was still handcuffed. Several minutes later, the fire department concluded its investigation and the fire marshal reported that the fire had in fact been accidental. At that time, another deputy removed Mrs. Hayes' handcuffs and an ambulance transported her to the hospital.

The Hayeses bring this suit against Deputy DeWitt and other state and county defendants, asserting claims under 42 U.S.C. § 1983 for violations of Mrs. Hayes' Fourth Amendment rights, and related state law claims. Mr. and Mrs. Hayes seek $3,000,000 in compensatory damages, as well as interest and attorneys fees. DeWitt moved for summary judgment, contending, inter alia, that the undisputed facts establish that his detention of Mrs. Hayes did not violate the Fourth Amendment or, alternatively, that he is entitled to qualified immunity. The district court found that "there are material facts in dispute regarding the seizure of Mrs. Hayes," and that on the Hayeses' version of the facts, "there was simply no reasonable justification for the seizure." The court accordingly denied DeWitt's motion for summary judgment on the § 1983 claim and on the defense of qualified immunity. We have jurisdiction to consider DeWitt's interlocutory appeal of the district court's denial of qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 528 (1985).[1]

---

[1]Of course, at this interlocutory stage we have no jurisdiction to consider the district court's resolution of any other claims. We note that, relying on Behrens v. Pelletier, 516

5

The doctrine of qualified immunity shields police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine whether Deputy DeWitt is entitled to qualified immunity, we must first determine whether the facts, taken in the light most favorable to the Hayeses, demonstrate that DeWitt violated Mrs. Hayes' constitutional rights. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, we must then ask whether the right asserted was clearly established at the time of the events at issue. Id. We review the district court's ruling on a motion for summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. See Garofolo v. Donald B. Heslep Assocs., Inc., 405 F.3d 194, 198 (4th Cir. 2005).

The Hayeses contend that the facts outlined above allege a claim that DeWitt detained Mrs. Hayes in violation of her Fourth

---

U.S. 299 (1996), and Johnson v. Jones, 515 U.S. 304 (1995), the Hayeses contend that asserted disputes as to material facts deprive us of jurisdiction even to consider the qualified immunity appeal. They misread Behrens and Johnson, however. These cases recognize that, for purposes of qualified immunity, questions of law are immediately appealable even if the district court also finds that there are controverted issues of material fact. See Behrens, 516 U.S. at 312-13 ("Denial of summary judgment often includes a determination that there are controverted issues of material fact, and Johnson surely does not mean that every such denial of summary judgment is nonappealable.") (emphasis in original) (internal citation omitted).

Amendment right to be free from unlawful seizures. DeWitt responds that the seizure was a proper investigative detention under Terry v. Ohio, 392 U.S. 1 (1968).

Terry holds that police officers may briefly detain an individual if they have a reasonable suspicion, based on articulable facts, that "criminal activity may be afoot." 392 U.S. at 30. "[R]easonable suspicion" is "a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence," but requires "more than an inchoate and unparticularized suspicion or hunch." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (internal quotations and citations omitted).

When DeWitt responded to the call reporting the fire at the Hayes residence, fire department officials had advised that "a female subject was barricaded in the residence and refusing to come out." The Hayeses have acknowledged that at this juncture Mrs. Hayes had indeed locked herself in the bathroom and refused to come out. Upon his arrival at the Hayes home, DeWitt noted that Mrs. Hayes was behaving irrationally; again, both Mr. and Mrs. Hayes have acknowledged that Mrs. Hayes was in a highly agitated state. DeWitt knew that the fire department's investigation into the cause of the fire was ongoing, so the department had not yet ruled out the possibility of arson. Again, Mr. and Mrs. Hayes offer no contrary evidence.

7

The parties do not agree on other facts surrounding DeWitt's seizure of Mrs. Hayes. But based on the above undisputed facts, it is clear that DeWitt had "at least a minimal level of objective justification" for briefly detaining Mrs. Hayes while the fire department was actively investigating a possible act of arson. Wardlow, 528 U.S. at 123. The district court erred in holding to the contrary.[2]

### III.

Because the undisputed facts establish that Deputy DeWitt's detention of Donna Bell-Hayes was constitutional, the judgment of the district court denying DeWitt's motion for summary judgment is

REVERSED.

---

[2]Since DeWitt's detention of Mrs. Hayes was constitutional under Terry, we need not consider whether it could be justified as a mental health seizure. See Gooden v. Howard County, 954 F.2d 960, 968 (4th Cir. 1992) (en banc).